UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIAN JOHN CORYE,
                        Plaintiff,

    v.                                                  9:08-CV-0046
                                                        (LEK/GJD)
CASS, *et al.*,
                        Defendants.
_____

JULIAN JOHN CORYE, Plaintiff pro se
STEPHEN J. REHFUSS, ESQ., for Defendants Cass and Remillard

## **ORDER**

      Presently before the court is plaintiff's motion to compel discovery. (Dkt. No. 9). Plaintiff's motion is premature. Plaintiff filed this action on January 11, 2008. (Dkt. No. 1). In this civil rights complaint, plaintiff alleges that Albany County Jail officials failed to protect plaintiff against assault, that he was subjected to excessive force by the officers, and that defendants were deliberately indifferent to his medical needs. (Dkt. No. 1).

      On January 15, 2008, this court granted plaintiff's request to proceed *in forma pauperis* and ordered service of the complaint. (Dkt. No. 4). In the order, the court noted that plaintiff had named two "John Doe" officers and warned plaintiff that he must identify those officers in order to have them served if he wished the case to proceed against them. (Dkt. No. 4 at 1-2). Plaintiff then attempted to file a "motion to amend" asking the court to allow him to add the two "John Doe" defendants, and stating that he had requested the names of the officers from defendant Campbell, but that defendant Campbell had not answered the request. (Dkt. Nos. 6).

      The court rejected plaintiff's "motion to amend" first because no "motion" was required prior to the defendants' answer. (Dkt. No. 7). In addition, plaintiff did not

submit a proposed amended pleading.[1] A plaintiff may *not* simply ask the court if he or she can "amend" without including a proposed amended complaint. Since plaintiff still did not know the names of the "John Doe" defendants any amended complaint would have been premature. In any event, now that defendants have answered the complaint, FED. R. CIV. P. 15(a)(2) provides that plaintiff must make a motion to amend. When plaintiff does identify the "John Doe" defendants, he may then make a motion to amend. The motion must include a proposed amended complaint which will *supersede and replace* the original in its entirety.

The court understands that in an effort to identify the "John Doe" defendants, plaintiff has now made a "motion to compel." Unfortunately, this motion is also premature. The rules provide that prior to filing motion to compel discovery, a party must make a timely request for the discovery from his adversary *and* allow that adversary to either provide the appropriate discovery or object to the request. *Only when the parties cannot agree* upon discovery may the party requesting the discovery file a motion to compel. *See* LOCAL RULES NDNY 7.1(d)(requiring, among other things, good faith effort among the parties to resolve or reduce all differences relating to discovery *prior to seeking court intervention*).

Plaintiff's motion to compel in this case was filed on February 12, 2008, two days prior to defendants' timely answer. (Dkt. Nos. 9, 10). Defense counsel appeared in this action on February 14, 2008, and plaintiff appears to base his motion to compel on an alleged failure to produce documents in *2007*, pursuant to a New York State Freedom of Information request. Plaintiff cannot base his motion on actions that

---

[1] Prior to the answer being filed, plaintiff could have filed an amended complaint as of right. FED. R. CIV. P. 15(a)(1)(A). Plaintiff would have to have filed the complete pleading in any event.

2

occurred prior to the filing of the complaint. He must afford defense counsel an appropriate opportunity to produce the requested records after service of the request on counsel. Rule 34 of the Federal Rules of Civil Procedure requires that the party upon whom document requests are served must have at least thirty (30) days to respond after service of the request, unless a different time period is stipulated by the parties or ordered by the court.[2] FED. R. CIV. P. 34(b)(2)(A).

Plaintiff attaches a request sent to the defendants, dated *February 6*, *2008*. In the request itself, it states that defendants should respond within *20 days*. (Dkt. No. 9 at p.2). Plaintiff's motion to compel was filed on February 12, 2008. Plaintiff has not even waited for the time he set in his own request to expire. The court understands that plaintiff is anxious to comply with this court's order to identify the "John Doe" defendants, however, plaintiff must follow court procedures when attempting to accomplish this task. As stated above, before plaintiff can make a motion to compel, he must make a good faith effort to obtain the information from his adversary without court intervention.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to compel discovery (Dkt. No. 9) is **DENIED WITHOUT PREJUDICE** as premature.

Dated: February 15, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[2] Responses to interrogatories under FED. R. CIV. P. 33 are also due in thirty days unless a different time is stipulated by the parties or ordered by the court. FED. R. CIV. P.33(b)(2)

3