UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JULIAN JOHN CORYE,

                Plaintiff,

  -against-                              9:08-CV-46 (LEK/GJD)

KEVIN CARR, EDGAR REMILLARD,
PETER KUSAYWA, BRADLEY CHASE,

                Defendants.

**DECISION AND ORDER**

This matter comes before the Court following a Report-Recommendation filed on September 30, 2009 by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 69). After ten days[1] from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Defendants, Sergeant Peter Kusaywa and Officers Bradley Chase, Kevin Carr, and Edgar Remillard, which were filed on October 15, 2009 (Defendant Objections (Dkt. No. 70)) and Plaintiff, Julian John Corye, which were filed on October 19, 2009 (Plaintiff Objections (Dkt. No. 72)).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or

---

[1] Plaintiff filed his objections October 19, 2009. The court will accept Plaintiff's objections as timely as the court has the duty to show liberality toward pro se litigants. See Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam).

1

recommendations made by the magistrate judge." Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.  Regarding Defendants' objection to the denial of summary judgment for Plaintiffs' failure to exhaust remedies, this Court notes that the additional evidence supplied by Defendants to support their motion fails to show that there is no genuine issue as to any material fact on the issue of whether Plaintiff should be excused for his failure to comply with administrative remedies.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 69) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 57) is **GRANTED** and the amended complaint **DISMISSED AS TO ALL DEFENDANTS only as to the claims of failure to protect and denial of medical care**; and it is further

**ORDERED**, that the Defendants' motion for summary judgment (Dkt. No. 57) is **DENIED as to the issue of failure to exhaust**; and it is further

**ORDERED**, that the Defendants' motion for summary judgment (Dkt. No. 57) is **DENIED with respect to the issue of excessive force**; and it is further

**ORDERED,** that Plaintiff's **cross-motion for summary judgment** (DKT. No. 59) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED: January 26, 2010
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge